

FILED
4/4/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM MCBETH,
  also known as "Tony"

No. 21 CR 21

Judge Franklin U. Valderrama

## PLEA AGREEMENT

1.    This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant WILLIAM MCBETH, and his attorney, JONATHAN BEDI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The superseding information in this case charges defendant with transporting an individual with intent that the individual engage in prostitution, in violation of Title 18, United States Code, Section 2421 (Counts One and Two).

3.    Defendant has read the charges against him contained in the superseding information, and those charges have been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the superseding information: Count One, which

charges defendant with transporting an individual with intent that the individual engage in prostitution, in violation of Title 18, United States Code, Section 2421; and Count Two, which charges defendant with transporting an individual with intent that the individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

a.     With respect to Count One of the superseding information:

On or about December 21, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere, WILLIAM MCBETH, also known as "Tony," knowingly transported Minor A in interstate commerce, from the State of Illinois to the State of Wisconsin, with intent that Minor A engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

Specifically, on the evening of December 21, 2015, defendant drove himself, Minor A, and Individual G from the Chicago area to the Sheboygan, Wisconsin area. Defendant transported Minor A with the intention that she engage in prostitution while in Wisconsin. Additionally, defendant knew that advertisements were placed on Backpage.com for Minor A and Individual G, an adult woman, advertising that they would be available in Wisconsin to engage in commercial sex acts. Although

commercial sex acts were advertised, Minor A did not engage in commercial sex acts while in Wisconsin.

Defendant acknowledges that in December 2015, Minor A was fifteen years old, and defendant was thirty years old.

        b.     With respect to Count Two of the superseding information:

On or about December 22, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere, WILLIAM MCBETH, also known as "Tony," knowingly transported Minor A in interstate commerce, from the State of Wisconsin to the State of Illinois, with intent that Minor A engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).

Specifically, on the evening of December 21, 2015, defendant drove himself, Minor A, and Individual G from the Sheboygan, Wisconsin area to the Chicago area. Defendant transported Minor A with the intention that she engage in prostitution in the Chicago area. Additionally, defendant knew that advertisements were placed on Backpage.com for Minor A and Individual G, an adult woman, advertising that they would be available in the Chicago area to engage in commercial sex acts. Once back in Illinois, between December 21 and 24, 2015, defendant drove Minor A to customers' residences, where Minor A engaged in commercial sex acts.

Defendant acknowledges that in December 2015, Minor A was fifteen years old, and defendant was thirty years old.

        7.     Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offense:

a.      With respect to Stipulated Offense One:

~~From~~ In or around December 2015, ~~and continuing through in or around January 2016,~~ in the Northern District of Illinois, Eastern Division, and elsewhere, WILLIAM MCBETH, also known as "Tony," in and affecting interstate commerce, knowingly enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely, Minor A, and benefited financially and by receiving anything of value from participation in a venture which has engaged in enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor A, having had a reasonable opportunity to observe Minor A, and in reckless disregard of the fact that Minor A had attained the age of 14 years but had not attained the age of 18 years old and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1), (a)(2), (b)(2), and (c).

Specifically, on or about December 17, 2015, defendant was introduced to Minor A. One of Minor A's friends told defendant that Minor A was nineteen years old, but defendant acknowledges that Minor A was actually fifteen years old in late 2015. Minor A got into a car with the defendant and some other individuals. Over the next approximately twenty-four hour period, defendant purchased makeup for Minor A. Defendant also transported Minor A to customers' residences in the Chicago area, where Minor A engaged in commercial sex acts with the customers. Minor A gave money she earned performing commercial sex acts to defendant, who kept a portion of the funds for himself. On the evening of December 18, 2015, defendant returned Minor A to her residence.

The following morning, December 19, 2015, defendant picked Minor A up outside of her residence. Minor A then stayed with defendant from December 19, 2015 through December 24, 2015. During that time, defendant transported Minor A to customers' residences in the Chicago area, where she engaged in commercial sex acts, giving the proceeds to defendant, who kept a portion for himself. Defendant picked the prices that customers would pay in exchange for the commercial sex acts, and defendant kept in contact with Minor A via text message while Minor A was in customers' residences. At times, Individual G was also present, and Minor A and Individual G performed commercial sex acts together with some of the customers. Defendant knew that advertisements were placed on Backpage.com, advertising commercial sex acts that could be provided by Minor A.

Defendant transported Minor A to Wisconsin and back to Illinois, with the intent that she engage in commercial sex acts in both states. At times, Minor A stayed with defendant at hotels, including a hotel that was part of a national chain in Elk Grove Village, Illinois. Defendant provided Minor A with condoms and new clothes to wear. Additionally, defendant provided Minor A with marijuana and alcohol to use.

Defendant acknowledges that during the time period he was with Minor A, he had a reasonable opportunity to observe Minor A.

### Maximum Statutory Penalties

8.    Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

5

a.  Count One carries a maximum sentence of 10 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b.  Count Two carries a maximum sentence of 10 years' imprisonment. Count Two also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Two, the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

c.  Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

d.  Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

e.  Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 20 years' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

f.  Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 per count, for a total of $10,000, if the Court determines that he is a non-indigent person.

## Sentencing Guidelines Calculations

9.     Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2023 Guidelines Manual.

b.     **Offense Level Calculations**.

**Counts One and Two**

     i.  The base offense level is 24, pursuant to Guideline § 2G1.3(a)(4).

     ii.  It is the government's position that, pursuant to Guideline § 2G1.3(b)(2)(B), a two-level enhancement applies because defendant unduly influenced a minor to engage in prohibited sexual conduct. Defendant reserves the right to contest the applicability of this enhancement.

     iii.  It is the government's position that, pursuant to Guideline § 2G1.3(b)(3)(B), a two-level enhancement applies because the offense involved the use of a computer and an interactive computer service to entice, encourage, offer or solicit persons to engage in prohibited sexual conduct with a minor. Defendant reserves the right to contest the applicability of this enhancement.

     iv.  Pursuant to Guideline § 2G1.3(b)(4), a two-level enhancement applies because the offense involved the commission of a sex act or sexual contact.

     v.  It is the government's position that the adjusted offense level for Counts One and Two is 30. It is the defendant's position that the adjusted offense level for Counts One and Two is as low as 26.

**Stipulated Offense One**

     vi.  The base offense level is 30, pursuant to Guideline § 2G1.3(a)(2).

     vii.  It is the government's position that, pursuant to Guideline § 2G1.3(b)(2)(B), a two-level enhancement applies because defendant unduly influenced

8

a minor to engage in prohibited sexual conduct. Defendant reserves the right to contest the applicability of this enhancement.

       viii.     It is the government's position that, pursuant to Guideline § 2G1.3(b)(3)(B), a two-level enhancement applies because the offense involved the use of a computer and an interactive computer service to entice, encourage, offer or solicit persons to engage in prohibited sexual conduct with a minor. Defendant reserves the right to contest the applicability of this enhancement.

       ix.     Pursuant to Guideline § 2G1.3(b)(4), a two-level enhancement applies because the offense involved the commission of a sex act or sexual contact.

       x.     It is the government's position that the adjusted offense level for Stipulated Offense One is 36. It is the defendant's position that the adjusted offense level for Stipulated Offense One is as low as 32.

**Grouping**

       xi.     Pursuant to Guideline § 3D1.2(d), because Counts One and Two and Stipulated Offense One all relate to the same victim, Minor A, the offenses are all part of the same Group.

       xii.     Accordingly, the government's position is that total offense level is 36. It is the defendant's position that the adjusted offense level is as low as 32.

**Acceptance of Responsibility**

       xiii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the

government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    xiv.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

### Repeat and Dangerous Sex Offender Against Minors

    xv.  Pursuant to Guideline § 4B1.5(b)(1), the government's position is that a five-level increase to the offense level applies because defendant's instant offenses of conviction are covered sex crimes, neither § 4B1.1 nor § 4B1.5(a) applies, and defendant engaged in a pattern of activity involving prohibited sexual conduct. Defendant reserves the right to contest the applicability of this enhancement.

    c.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts

now known to the government and stipulated below, defendant's criminal history points equal ten and defendant's criminal history category is V:

  i.     Defendant was sentenced on or about September 11, 2019 to one years' probation as a result of his conviction in the Circuit Court of Cook County, Illinois, for dealing/possessing contraband cigarettes. Pursuant to § 4A1.1(c), defendant receives one criminal history point for this conviction.

  ii.    Defendant was sentenced on or about October 12, 2017 to six days' incarceration as a result of his conviction in the Circuit Court of DuPage County, Illinois, for attempted promoting prostitution. Pursuant to § 4A1.1(c), defendant receives one criminal history point for this conviction.

  iii.   Defendant was sentenced on or about March 23, 2013 to one years' supervision as a result of his conviction in the Circuit Court of Lake County, Illinois, for resisting a peace officer. Pursuant to § 4A1.2(c), defendant receives zero criminal history points for this conviction.

  iv.    Defendant was sentenced on or about July 31, 2009 to 24 months' imprisonment as a result of his conviction in the Circuit Court of Cook County, Illinois, for obstruction of justice/destroying evidence. Pursuant to § 4A1.1(a), defendant receives three criminal history points for this conviction.

  v.     Defendant was sentenced on or about July 28, 2009 to two years' imprisonment as a result of his conviction in the Circuit Court of Cook County, Illinois, for driving with a suspended license. Pursuant to §§ 4A1.1(c) and 4A1.2(c)(1)(A), defendant receives one criminal history point for this conviction.

11

vi.     Defendant was sentenced on or about August 27, 2008 to five days' imprisonment as a result of his conviction in the Circuit Court of Cook County, Illinois, for criminal trespass to land. Pursuant to § 4A1.2(c), defendant receives zero criminal history points for this conviction.

vii.    Defendant was sentenced on or about March 29, 2007 to two years' incarceration as a result of his conviction in the Circuit Court of Cook County, Illinois, for bringing contraband into a penal institution. Pursuant to § 4A1.1(a), defendant receives three criminal history points for this conviction.

viii.   Defendant was sentenced on or about December 29, 2006 to 40 days' imprisonment as a result of his conviction in the Circuit Court of Cook County, Illinois, for criminal trespass to a vehicle. Pursuant to §§ 4A1.1(c) and 4A1.2(c)(1)(A), defendant receives one criminal history point for this conviction.

ix.     Defendant was sentenced on or about December 19, 2003 to 24 months' special probation as a result of his conviction in the Circuit Court of Cook County, Illinois, for possession of a controlled substance. Pursuant to § 4A1.2(e)(2), defendant receives zero criminal history points for this conviction.

x.      Defendant was sentenced on or about July 9, 2002 to 24 months' special probation as a result of his conviction in the Circuit Court of Cook County, Illinois, for manufacture/delivery of a controlled substance. Pursuant to § 4A1.2(e)(2), defendant receives zero criminal history points for this conviction.

d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the government's

anticipated offense level is 38 which, when combined with the anticipated criminal history category of V, results in an anticipated advisory sentencing guidelines range of 360 months to life imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. However, pursuant to Guideline § 5G1.1(a), when the statutory maximum sentence is less than the minimum of the applicable Guidelines range, the statutory maximum sentence shall be the Guidelines sentence. Therefore, the government's position is that the advisory Guidelines range is 240 months' incarceration. The defendant's position is that the anticipated offense level is 29 which, when combined with the anticipated criminal history category of V, and the application of Guideline § 5G1.1(a), results in an advisory guidelines range of 140-175 months' incarceration.

   e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

13

11.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

12.     Each party is free to recommend whatever sentence it deems appropriate.

13.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, *and Title 18, United States Code, Section 2429* the Court must order defendant to make full restitution to Minor A in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

15.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United

14

States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

16.     Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

18.     After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

#### Nature of Agreement

19.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 21.

20.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local

prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

21. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Right to be charged by indictment**. Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors

16

for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

      iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

      vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

c.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

d.      **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

18

22.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

23.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

24.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

25.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to

19

which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

26.     Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

20

27.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## Other Terms

28.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

29.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

30.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

31.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant

21

to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: *April 4, 2024*

_Morris Pasqual_ by SME

_____
MORRIS PASQUAL
Acting United States Attorney

MICHELLE PETERSEN    Digitally signed by MICHELLE PETERSEN
                     Date: 2024.04.01 22:08:14 -05'00'
_____
MICHELLE PETERSEN
Assistant U.S. Attorney

_____
WILLIAM MCBETH
Defendant

_____
JONATHAN BEDI
Attorney for Defendant

22